THE ORDINARY *vs.* SAMUEL A. ALLEN et al.

Taxation of costs.

This was an action of debt, brought in the name of the Ordinary of the State of New Jersey, against Samuel A. Allen, Thomas S. Smith, and William R. Thompson, on an administration bond. Judgment was for the plaintiff,

and a bill of costs was taxed, amounting to $69.22. The defendants now move a re-taxation of this bill.

The matter was argued before ELMER, POTTS, and VREDENBURGH, Justices, by *Kingman*, for the defendants, and *Eakin*, for the plaintiff.

POTTS, J. The defendants object to certain items in the plaintiff's bill of costs taxed in this case, together with others which it is unnecessary to notice.

1. They move to strike out the charge of 56 cents for oyer of the bond declared on, 95 cents for specifications of breaches and copy, and 40 cents for the service of the copies. The charges for oyer of the bond and for specification of breaches intended to be assigned are right. They were made and furnished upon the demand of the defendants. It turned out, it is true, that the breaches were subsequently irregularly assigned after the defendants had pleaded *non est factum*, simply, to the declaration on the bond. But as the demand was made before plea filed, and before the plaintiff could be aware that he would not have an opportunity to assign them in pleading, he ought to recover his costs for furnishing the specifications. The 40 cents for service must be stricken out. There is no allowance in the fee bill for serving copies of papers requested to be furnished by the adverse party.

2. The next item is 70 cents, for copy of defendant's plea. This plea and a demurrer filed with it, were subsequently stricken out as frivolous, with costs, and a bill of costs was taxed in each case. In the costs on striking out the demurrer there is a charge allowed for the copy of this plea. This item must, therefore, be stricken out.

3. Then the plaintiff charges for replication and enrolment of breaches, 19 fol., $3.80, and for copy $1.90. He is entitled to one dollar for the replication and copy only. The defendants having pleaded *non est factum* without pleading performance, no breaches could be regularly

State v. Allen et al.

assigned upon a replication to that plea, and no costs can be allowed for them.

4. The items objected to in the 4th and 5th places are notices of trials, &c., at September and December circuits, 1855, the subpœna, ticket, service, and one witness fee, at September. The cause at these terms appears to have gone off by consent, without any understanding as to costs. The costs abide the event of the suit, unless some order or agreement is made. The services appearing to have been rendered, and no error shown in the charges, they are not stricken out.

5. The defendants object to fees for *ven. fa.* in December Term, 1855, and so is the notice to plaintiff. On inspection of the bill, no such fees are charged at that term. The defendants are bound by the specifications in their notice, and cannot go out of them.

6. Then the fees for four witnesses and four tickets and service are charged at April Term, when the cause was tried. It is admitted that one of these witnesses was to prove the breaches which had been improperly assigned. Let the fees for one ticket, service, and witness be stricken out.

7. Three dollars are charged for jurors' fees, which is admitted to be a mistake. Let it be stricken out. *Nix. Dig.* 272; *Ib.* 385, *pl.* 30.

8. The last item is a bill of costs taxed in the Prerogative Court between the same parties, and inserted and taxed in this bill. Let it be stricken out. There is no authority for inserting it here.

The defendants, having succeeded in their motion to strike out, as to part of the items objected to, are entitled to their costs of this proceeding.

CITED *in Eft* v. *Reeve*, 2 *Vr.* 141.